

In the Matter of the Claim of JOHN E. CLEMENS, Respondent, against TOWN OF OSCEOLA, LEWIS COUNTY, and STATE OF NEW YORK, and LEWIS COUNTY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES R. DUNCAN and Others, as Trustees, etc., of GEORGE FOWLER, Late of the City of Binghamton, New York, Relators, v. MARK GRAVES and Others, Constituting the State Tax Commission of the State of New York, Respondents.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. DUANE L. TOWER and Others, as Copartners under Firm Name and Style of C. J. TOWER & SONS, Plaintiffs, v. STATE TAX COMMISSION, Defendant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

In the Matter of the Petition of NEW YORK WATER SERVICE CORPORATION, Petitioner, for an Order Directed to WATER POWER AND CONTROL COMMISSION OF THE DEPARTMENT OF CONSERVATION OF THE STATE OF NEW YORK, Respondent. Re Water Supply Application No. 1285.— Motion for leave to appeal to the Court of Appeals granted. [See ante, p. 590.] The court hereby certifies that the following questions of law have arisen which in its opinion ought to be reviewed by the Court of Appeals: (1) Are there sufficient findings of fact to sustain the determination? (2) Was there competent proof of all the facts necessary to be proved in order to authorize the Water Power and Control Commission to deny the application of the New York Water Service Corporation? (3) If there was such competent proof, was there, upon all the evidence, such a preponderance of proof against the existence of any of those facts that the verdict of a jury affirming the existence thereof, rendered in an action in the Supreme Court triable by a jury, would be set aside by the court as against the weight of evidence? Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

In the Matter of the Petition of NEW YORK WATER SERVICE CORPORATION, Petitioner, for an Order Directed to WATER POWER AND CONTROL COMMISSION OF THE DEPARTMENT OF CONSERVATION OF THE STATE OF NEW YORK, Respondent. Re Water Supply Application No. 1286.— Motion for leave to appeal to the Court of Appeals granted. [See ante, p. 590.] The court hereby certifies that the following questions of law have arisen which in its opinion ought to be reviewed by the Court of Appeals: (1) Are there sufficient findings of fact to sustain the determination? (2) Was there competent proof of all the facts necessary to be proved in order to authorize the Water Power and Control Commission to deny the application of the New York Water Service Corporation? (3) If there was such competent proof, was there, upon all the evidence, such a preponderance of proof against the existence of any of those facts that the verdict of a jury affirming the existence thereof, rendered in an action in the Supreme Court triable by a jury, would be set aside by the court as against the weight of evidence? Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

WALLACE WILSON MIORIN, an Infant, by MARTHA AMBROSE, His Guardian ad Litem, Appellant, v. ANNIE MIORIN, as Executrix, etc., of ANTHONY MIORIN,